

NUMBER 13-11-00308-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JAMES WICKLINE,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

**On appeal from the 347th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant James Wickline entered a plea of guilty, without a plea bargain, to a two-count indictment for aggravated assault, a second degree felony. *See* TEX. PENAL CODE ANN. § 22.02 (West 2003). The trial court found Wickline guilty and sentenced him to twelve years in the Institutional Division of the Texas Department of Criminal Justice for

each count, with the sentences to run concurrently. Wickline received credit for time served.

Concluding that "there is no justiciable issue upon which an appeal may be predicated," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court stating that he has studied the entire appellate record and has found no reversible error. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no non-frivolous grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has provided a copy of the brief and the record to appellant. Counsel has also informed

appellant of his right to file a pro se response.[1]   *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3.   More than an adequate time has passed, and appellant has not filed a pro se response.   *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.   *Penson v. Ohio*, 488 U.S. 75, 80 (1988).   We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal.   *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.   Accordingly, we affirm the judgment of the trial court.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.   Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

grant counsel's motion to withdraw.[2]   Within five days of the date of this Court's opinion,

counsel is ordered to send a copy of the opinion and judgment to appellant and to advise

appellant of his right to pursue a petition for discretionary review.   *See* TEX. R. APP. P.

48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d

670, 673 (Tex. Crim. App. 2006).

## IV.   CONCLUSION

The judgment of the trial court is affirmed.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 20th
day of October, 2011.

---

[2] No substitute counsel will be appointed.   Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.   Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.   *See* TEX. R. APP. P. 68.2.   Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.   *See* TEX. R. APP. P. 68.3.   Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.   *See* TEX. R. APP. P. 68.4..